**In re Timothy J. DANIELS and Daniels & Daniels.**

No. 04–04–00172–CV.

Court of Appeals of Texas, San Antonio.

April 14, 2004.

Timothy J. Daniels, Daniels & Daniels, San Antonio, pro se.

Robert B. Summers, Robert B. Summers & Associates, Llano, for appellee.

Keith E. Cummings, San Antonio, pro se.

Sitting: PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice and PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

On March 10, 2004, the trial court denied relators' (hereinafter "Daniels") Second Motion for Withdrawal of Counsel in cause number 2002–CI–16967, styled *In the Matter of the Marriage of Keith Edward Cummings and Kelvia Michelle Cummings and In the Interest of Dagen Keith William Cummings, Minor Child.* On March 11, 2004, Daniels filed a petition for writ of mandamus, asserting the trial court erred in denying his motion to withdraw.

## BACKGROUND

Daniels has represented Keith Edward Cummings since November 2002 in a divorce action and a suit affecting the parent-child relationship. Cummings and his wife are both seeking to be appointed managing conservator with the right to determine their child's residence. After a mistrial in mid-January 2004, the jury trial was reset for March 1, 2004. On January 23, 2004, the trial court heard Daniels' first motion to withdraw. The court denied the motion. Later, for an unrelated reason, the jury trial was reset to May 10, 2004. On March 1, 2004, the trial court heard Daniels' second motion to withdraw. The court denied this motion as well, and this mandamus proceeding ensued.

## DISCUSSION

A writ of mandamus may be issued to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Issuance of the writ, however, is limited to only those instances in which an adequate remedy by appeal is not available. *Id.* at 840. Withdrawal of counsel is a proper subject of a mandamus proceeding. *In re Posadas USA, Inc.*, 100 S.W.3d 254, 256 (Tex.App.-San Antonio 2001, orig. proceeding).

Once a lawyer has accepted representation, he or she "normally should endeavor to handle the matter to completion." *See* Tex. Disciplinary R. Prof'l Conduct 1.15, cmt. 1, *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 1998) (Tex. Bar R. art. 10, § 9). Nevertheless, circumstances may arise that mandate an attorney's withdrawal from representation, while other circumstances allow for an attorney's optional withdrawal. *Id.* An attorney may with-

draw from representing a party by filing a written motion and by showing good cause. Tex.R. Civ. P. 10. Rule 10 does not define "good cause," however, the Texas Disciplinary Rules of Professional Conduct articulate considerations relevant to the merits of Rule 10 motions. *See Posadas,* 100 S.W.3d at 257. Daniels alleged withdrawal here is proper under Disciplinary Rule 1.15.

Subsection (a) of Disciplinary Rule 1.15 states the circumstances under which an attorney's withdrawal is required. *See id.* at 1.15(a)(1)-(3). Subsection (b) of Disciplinary Rule 1.15 lists specific instances under which an attorney may seek to withdraw. Included among those instances are the following:

> (5) the client fails **substantially** to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Tex. Disciplinary R. Prof'l Conduct 1.15(b)(5), (6), (7) (emphasis added).

In his motion to withdraw, Daniels stated the following grounds as the basis for withdrawal: (1) non-payment of fees, (2) non-payment of fees will result in an unreasonable financial burden on his law office, and (3) representation has been rendered unreasonably difficult by Cummings' actions and the actions of Cummings' agent (who is Cummings' mother, Carolyn Lee). At the time the second motion to withdraw was filed, trial was set to commence in seventy-one days.

There is no dispute here that Daniels and Cummings entered into a written engagement agreement that set forth Cummings' and Lee's obligation to pay Daniels' fees, court costs and expenses. The agreement was signed by Daniels, Cummings as the client, and Lee as guarantor and obligor. Under the engagement agreement, Daniels reserved the right to withdraw as counsel if Cummings and Lee failed to pay the fees due. There is no dispute that Daniels' fees have not been paid. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(5). At the time of the hearing on the second motion to withdraw, Daniels was owed approximately $30,000. Daniels testified trial fees may amount to another $25,000 for a five-day jury trial, and his firm could not afford to "offset that kind of hit." Although Daniels testified he has been paid approximately $60,000, we are unable to determine what portion of this amount is for fees and what portion is for expenses and court costs.[2] However, there is evidence that eleven depositions have been taken in the case, some of which occurred out of town. *See* Tex. Disciplinary R. Prof'l Conduct 1.15(b)(6).

Daniels also sought to establish that his representation of Cummings had been rendered unreasonably difficult and that other good cause for withdrawal existed. Daniels offered into evidence a December 2003 letter from Cummings to Daniels in which Cummings stated as follows: "in view of your past and recent suggestions, ideas, [sic] animosity toward my mother and particularly your bills, I do question your motives and representation of my case.... The conflict you have caused by my moth-

---

2. Although non-payment of fees is a basis for withdrawal under Disciplinary Rule 1.15(b), the trial court denied Daniels' attempt to admit his fees into evidence or question Cummings about his fees, stating "this is not a fee dispute."

er's not being able to get answers, to include [unreadable] billing from you and your staff (per your orders) has substantially affected my case, to the point I had to seek additional counsel."

Daniels testified he has had restrictions placed on him as to the work he could perform on Cummings' behalf. Cummings admitted his mother "directed certain work or made decisions that certain legal work would not be performed." At one point, Lee wanted to fire a mediator retained to help settle the child custody dispute. Cummings said attorney James Bass also represented him in this matter, although he had not made an appearance in the case. Lee hired Bass "to help [Daniels] develop a strategy to get this over with and also for [Lee's] own protection." Daniels interpreted one remark by Lee to mean that Lee would sue him. Daniels alleged Lee has interfered with his representation of Cummings "in many material regards," has shown "extreme hostility" toward him and been dishonest, and has prevented Cummings from speaking with him and returning Daniels' phone calls. Because of Lee's behavior, Daniels does not believe he can effectively represent Cummings. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15(b)(6), (7). Daniels stated Cummings has refused to accept his correspondence or forward it to a new address, or provide a new mailing address.

Lee admitted Cummings does not read the invoices and reads "very few" of Daniels' letters. She also admitted she did not answer Daniels' letter asking her to disclose allegedly negative information she had on a witness, although she said she answered the question over the telephone. The following exchange occurred between Lee and the trial court:

Q. But I get the impression Mr. Daniels' position is that you are hindering—And this is not personal. . . .

But your relationship with him is hindering his relationship with his son, in representing him as well. Do you agree or disagree?

A. I agree he feels that way.

Q. Do you agree that that is the case?

A. No.

Q. And why not?

A. Because Mr. Daniels well knows that my son is disabled and he has to go through me.

Q. Why does he need to do that?

A. Because of his disability and his new medication.

. . .

Q. . . . The allegation is that you are hindering the relationship and Mr. Daniels is not able to represent your son because of your activities, is the impression I'm getting. . . . True or not true? And, if it's not true, why do you believe he says so?

A. I will tell you, I'm not trying to hinder. I'm trying to help my son. I can't speak for how Mr. Daniels feels.

Cummings opposed Daniels' motion to withdraw. Cummings conceded Lee was "a difficult woman," but he did not agree she had interfered with Daniels' ability to represent him. Cummings feared another lawyer would not be able to retain all the information Daniels knew about the case, and he thought it would "look bad" if he did not have the same lawyer throughout the proceedings. Cummings was concerned the relationship between Daniels and Lee had deteriorated to the point that they did not have effective communication. In his response to Daniels' petition for writ of mandamus, Cummings cited financial concerns as his reason for opposing Daniels' withdrawal.

While other rules require a determination of whether the client will be adversely

affected, withdrawal is permitted under subsection (b)(2) through (b)(7) "even though the withdrawal may have a material adverse effect upon the interests of the client." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15, cmt. 8. The record reveals Daniels established good cause justifying his withdrawal: (1) Cummings and Lee failed to substantially fulfill their obligations under the engagement agreement, including their obligation to pay Daniel's fees; (2) continued representation would result in an unreasonable financial burden on Daniels and his office; (3) and Cummings and Lee's actions have rendered continued representation difficult. Accordingly, the trial court erred in denying Daniels' motion to withdraw. Therefore, the writ is CONDITIONALLY GRANTED. TEX.R.APP. P. 52.8(c). The Honorable Andy Mireles is DIRECTED to (1) withdraw his March 10, 2004 Order Denying Withdrawal of Counsel for Petitioner and (2) grant Daniels' motion to withdraw as counsel. If he does not do so within ten days of this order, we will issue the writ. Our previous stay order is lifted.

All costs are assessed against the party who incurred them.