COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-169-CV
 
  
RENE 
R. HOVIOUS                                                                 APPELLANT
  
V.
  
JEFFERY 
CHARLES HOVIOUS                                                    APPELLEE
 
  
------------
 
FROM 
THE 233RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        The 
trial court declared void the marriage between Appellant Rene R. Hovious and 
Appellee Jeffery Charles Hovious and divided the parties’ jointly owned 
property. In eight issues, Rene complains that the trial court erred by allowing 
her counsel to withdraw, by denying her motion for continuance of a hearing set 
three days after her counsel withdrew, by failing to provide her notice of a 
final trial setting, by awarding sanctions, and by declaring her marriage to 
Jeffery void. We will affirm.
II. Procedural 
Background
        Rene 
and Jeffery were married on October 16, 1993. Jeffery filed for divorce on 
August 13, 2002. During the divorce proceedings, questions arose about whether 
Rene’s prior marriage to Steven Arthur Henke had been legally dissolved, thus 
also raising questions concerning the validity of Rene’s and Jeffery’s 
marriage.
        Rene 
produced a copy of a Mexican decree of divorce dated January 15, 1982, 
purportedly dissolving her marriage to Henke. Jeffery hired an investigator, and 
subsequently, Fancisco Hernandez, an attorney licensed in Mexico, and the law 
firm of Thompson & Knight to investigate the validity of this divorce 
decree. Rene’s counsel at the time, David T. Kulesz, also conducted an 
investigation into the authenticity of the Mexican divorce decree. The 
investigator, Hernandez, and Kulesz all determined that the Mexican divorce 
decree was a forgery or a fabrication.
        Jeffery 
then filed a motion seeking to declare his marriage to Rene void, to terminate 
his spousal support to Rene, and seeking attorneys’ fees and sanctions. The 
following day, December 23, 2003, Kulesz filed a motion to withdraw from 
representation of Rene. The trial court conducted a January 6, 2004 hearing on 
Kulesz’s motion to withdraw. At the hearing, the trial court admonished Rene 
that she “owned” the attorney-client privilege and that if she waived it, 
evidence presented by Kulesz in support of his motion might be prejudicial to 
her. Rene nonetheless waived her attorney-client privilege, and Kulesz, citing 
Rule 1.15(b)(2), (3), and (5) of the Texas Disciplinary Rules of Professional 
Conduct, testified that he desired to withdraw because he had determined that 
the Mexican divorce decree provided to him by Rene was fraudulent and that he 
did not believe he could continue to represent her. The trial court granted 
Kulesz’s motion to withdraw.
        Two 
days later, on January 8th and 9th, the trial court heard 
Jeffery’s motion to declare his marriage void, to terminate spousal support, 
for attorneys’ fees and sanctions. The private investigator hired by Jeffery, 
Hernandez, Rene, and Jeffery’s counsel, James T. Curtis, testified. At the end 
of the day on January 8th, the trial court recessed and ordered all 
parties to return the following day. Rene failed, however, to appear in court on 
January 9th; the hearing proceeded nevertheless.
        At 
the conclusion of the hearing, citing section 6.202(a) and 6.202(b) of the Texas 
Family Code, the trial court found that the marriage between Rene and Jeffery 
was void because of Rene’s preexisting, undissolved marriage to Henke. The 
trial court further found that the Mexican divorce decree provided by Rene to 
her counsel was fraudulent and that Rene acted with the specific intent to 
perpetrate a fraud upon the trial court and Jeffery. The trial court also 
terminated Jeffery’s spousal support obligations and awarded Jeffery 
attorneys’ fees and expenses.
        On 
February 2, 2004, the trial court considered the remaining issues of dividing 
the jointly acquired separate property, damages, and sanctions. Rene attempted 
to assert a cause of action for economic contribution, but the trial court ruled 
that such recovery was not permitted because her marriage with Jeffery was 
previously determined to be void. After hearing evidence, the trial court 
determined that Rene intentionally and knowingly violated Rule 13 of the Texas 
Rules of Civil Procedure by filing a counter-petition for divorce that was 
groundless, had no basis in law or in fact, and was not warranted by good faith 
argument for the extension, modification, or reversal of existing law; as a 
sanction, the trial court struck Rene’s counter-petition for divorce. The 
trial court divided the jointly owned separate estate and awarded Jeffery 
$142,547.00, awarded $26,436.00 to the “partnership,” and awarded Jeffery 
$41,937.00 in attorneys’ fees and expenses.
        Rene 
filed a motion for new trial and requested findings of fact and conclusions of 
law. The trial court denied Rene’s motion for new trial and made findings of 
fact and conclusions of law.
III. Motion for 
Witdrawal and Motion for Continuance
        In 
her first issue, Rene argues that the trial court erred by allowing her counsel, 
Kulesz, to withdraw three days before the hearing set on January 8, 2004. In her 
second issue, Rene contends that the trial court further erred by denying her 
motion for continuance and permitting the January 8th hearing to 
proceed after Kulesz’s withdrawal on January 6th.
        A. Motion for Withdrawal
        We 
review a trial court’s ruling on a motion to withdraw for an abuse of 
discretion. See Gillie v. Boulas, 65 S.W.3d 219, 221 (Tex. App.—Dallas 
2002, pet. denied) (holding trial court abuses its discretion when it grants 
motion to withdraw that does not comply with requirements of Rule 10). Rule 10 
of the Texas Rules of Civil Procedure provides that an attorney may withdraw 
from representing a party only upon written motion for good cause shown.[2]  See Tex. 
R. Civ. P. 10.  Rule 10 does not define “good cause,” but courts 
view the Texas Disciplinary Rules of Professional Conduct as guidelines 
articulating considerations relevant to a “good cause” determination 
supporting a Rule 10 motion to withdraw.  See In re Posadas USA, Inc., 
100 S.W.3d 254, 257 (Tex. App.—San Antonio 2001, no pet.).  Disciplinary 
Rules 1.15(b)(2) and (3) provide that a lawyer shall not withdraw from 
representing a client unless the client persists in a course of action involving 
the lawyer’s services that the lawyer reasonably believes may be criminal or 
fraudulent or the client has used the lawyer’s services to perpetrate a crime 
or fraud.[3]  See Tex. Disciplinary R. Prof’l Conduct 
1.15(b)(2), (3), reprinted in Tex. 
Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Comment 
21 to Rule 1.05 provides that “[i]f the lawyer’s services will be used by 
the client in materially furthering a course of criminal or fraudulent conduct, 
the lawyer must withdraw . . . .” Tex. 
Disciplinary R. Prof’l Conduct 1.05 cmt. 21.
        The 
record from the hearing demonstrates that Rene repeatedly “assured” Kulesz 
she had obtained a divorce from Steven Arthur Henke and that a divorce decree 
existed.  Renee later provided Kulesz with the Mexican divorce decree, but 
Kulesz’s independent investigation into the authenticity of the decree 
revealed that the decree was not valid. Kulesz further testified that Rene had 
also made “other representations” and that he didn’t think he could, in 
good faith, continue to represent her.  When the trial court questioned 
Kulesz, the following exchange took place:
  
[The Court]: Mr. Kulesz, what efforts did you make - - again, you checked where 
she said the divorce was granted in Mexico?
 
[Kulesz]: 
Yes. The - -
[The 
Court]: She gave you a purported decree; is that right?
[Kulesz]: 
Yes. I have that purported decree.
[The 
Court]: All right. And did you check with the legal authorities from where that 
decree came from?
 
[Kulesz]: 
We - - yes.
[The 
Court]: Okay. And did they have any record of Ms. Hovious being divorced?
 
[Kulesz]: 
No.
I 
also made some independent checks through the internet to determine whether the 
judge whose signature was on that decree was a judge in 1981 as well, and 
through my own independent sources on the internet, determined that that judge 
was not a judge. But in addition to that, we hired counsel in Monterrey, Mexico 
who also searched the courthouse records and determined, basically, the same 
thing.
 
[The 
Court]: Is it your opinion that that decree is a fabrication?
 
[Kulesz]: 
Yes.
 
 
        Accordingly, 
the record from the hearing established good cause for Kulesz’s withdraw 
pursuant to Disciplinary Rules 1.15(b)(2) and (3). See Tex. Disciplinary R. Prof’l Conduct 
1.15(b)(2), (3).  Rene provided no legitimate controverting evidence at the 
hearing.  Accordingly, the trial court did not abuse its discretion by 
granting Kulesz’s motion to withdraw.  See generally, In re Daniels, 
138 S.W.3d 31, 32-35 (Tex. App.—San Antonio 2004, no pet.).  We overrule 
Rene’s first issue.
        B. Motion For Continuance
        In 
her second issue, Rene argues that the trial court abused its discretion by 
failing to continue the January 8, 2004 hearing.
        We 
review a trial court’s ruling granting or denying a motion for continuance for 
an abuse of discretion. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 
789, 800 (Tex. 2002); Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476 
(Tex. 1997) (orig. proceeding). We do not substitute our discretion for that of 
the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 
2002) (orig. proceeding).  Instead, we must determine whether the trial 
court’s action was so arbitrary and unreasonable as to amount to a clear and 
prejudicial error of law. Marchand, 83 S.W.3d at 800. The focus is on 
whether the trial court acted without reference to guiding rules or principles. Goode 
v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). When the ground for the 
continuance is the withdrawal of counsel, the movant must show that the failure 
to be represented at trial was not due to her own fault or negligence. See 
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); see also State v. 
Crank, 666 S.W.2d 91, 94 (Tex.) (holding state board of dental examiners did 
not abuse its discretion by denying continuance when party did not discharge his 
attorney until morning of hearing), cert. denied, 469 U.S. 833 (1984); Zetune 
v. Jafif-Zetune, 774 S.W.2d 387, 391 (Tex. App.—Dallas 1989, writ denied) 
(holding husband not entitled to continuance when he represented to the court 
that his attorneys were withdrawing on day of trial at his request), cert. 
denied, 498 U.S. 813 (1990).
        The 
record contains a motion for continuance filed December 15, 2003 on behalf of 
Rene as well as a letter written by Rene to the judge of the 233rd Judicial 
Court which states, “Please allow myself to be represented by a lawyer with a 
continuance to follow.”[4]  The clerk’s 
record contains no order denying Rene’s December 15th motion for 
continuance.  At the beginning of the January 8th hearing, 
however, the trial court verbally denied Rene’s motion for continuance.
        Rene 
cites Villegas as support for her argument that the January 8th 
hearing should have been continued because her attorney withdrew just two days 
earlier.  Villegas, 711 S.W.2d at 626.  In Villegas, the 
court held that the trial court abused its discretion by refusing to grant a 
continuance following withdrawal by Villegas’s attorney when “the evidence 
show[ed] that Villegas was not negligent or at fault in causing his attorney’s 
withdrawal.”  Id.  Here, unlike in Villegas, the 
evidence adduced at the hearing on Kulesz’s motion to withdraw supports the 
trial court’s conclusion that Rene was at fault in causing her attorney’s 
withdrawal.  See id.; Crank, 666 S.W.2d at 94; see also 
Tex. R. Civ. P. 253. Additionally, 
Rene had notice of her attorney’s desire to withdraw—she was not surprised.[5]  We hold that the trial court did not abuse its 
discretion by determining that Rene was at fault in causing her attorney’s 
withdrawal, or by denying her motion for continuance.  See Marchand, 
83 S.W.3d at 800. We overrule Rene’s second issue.
IV. Notice of 
Trial Setting
        In 
her third, fourth, and fifth issues, Rene argues that the trial court erred by 
declaring her marriage to Jeffery void, by refusing to allow her to present 
evidence of economic contribution, and by awarding $142,547.00 “in actual 
damages” to Jeffery because a final trial was not set for January 8 and 
January 9, 2004. Rene argues that because “[t]he Petition to Declare the 
Marriage Void . . . was a cause of action that if pleaded and proven could 
result in a Final judgment,” a final trial setting must have been given for 
January 8, 2004.  Thus, Rene contends that she did not have notice of a final 
trial setting for that day.
        It 
is presumed that a trial court will hear a case only when notice has been given 
to the parties. See Platt v. Platt, 991 S.W.2d 481, 484 (Tex. 
App.—Tyler 1999, no pet.). An appellant must affirmatively show a lack of 
notice to overcome this presumption.  See Blanco v. Bolanos, 20 
S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); see also Custom-Crete, 
Inc. v. K-Bar Servs, Inc., 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, 
no pet.) (“[T]he party challenging a trial court judgment for lack of notice 
has the burden of proving there was no notice, and must produce evidence in 
addition to an allegation in a motion for new trial”).  Rule 245 requires 
that parties receive “notice of not less than forty-five days” for a first 
trial setting.  Tex. R. Civ. P. 
245.  However, “when a case previously has been set for trial, the Court 
may reset said contested case to a later date on any reasonable notice to the 
parties . . . .”  Id.
        Here, 
the clerk’s record indicates that a final trial was set for September 25, 
2003.  Subsequently, the final trial was reset to February 2, 2004.  
The February 2, 2004 reset date is mentioned in Kulesz’s December 23, 2003 
motion to withdraw; a copy of that motion was delivered to Rene.  
Additionally, the trial court’s order granting Kulesz’s motion to withdraw 
was signed on January 6, 2004, and states that “[a] Final Trial is scheduled 
for February 2, 2004, and February 3, 2004, at 9:00 a.m.”  Rene received 
a copy of this order.  Consequently, Rene has not affirmatively shown that 
she did not receive reasonable notice of the trial setting. See Tex. R. Civ. P. 245; Blanco, 20 
S.W.3d at 811.
        In 
terms of the January 8, 2004 hearing, the trial court, as it did, had the power 
to declare the marriage void.  See Tex. Fam. Code Ann. § 6.307(a) (Vernon 
1998) (“Either party to a marriage made void by this chapter may sue to have 
the marriage declared void . . . .”); see also Tex. Fam. Code Ann. § 6.308(a) (“A 
court in which a suit for dissolution of a marriage is filed may exercise its 
jurisdiction over those portions of the suit for which it has 
authority”).  Furthermore, Rene had notice of the hearing.  See 
Tex. R. Civ. P. 245; Blanco, 
20 S.W.3d at 811.  In his motion to withdraw, Kulesz stated that “[a] 
hearing on the Motion to Terminate Spousal Support, Motion for Attorneys’ Fees 
and Motion for Sanctions is scheduled for January 8, 2003, before Judge Harris, 
at 8:30 a.m.”  In Rene’s letter to the 233rd Judicial Court (which is 
dated December 30, 2003 and signed January 5, 2004), she wrote that a 
“[h]earing [is] set before District Judge Harris, 10:00 Am.” on 
“1-8-2004.”  Moreover, Rene appeared at the January 8th 
hearing and confirmed that she was proceeding without an attorney.  At the 
conclusion of the hearing on January 9, 2004, the trial court reserved for 
consideration at the February 2, 2004 hearing the remaining issues of sanctions 
and the division of property.  Thus, the trial court did not commit error 
when it considered Jeffery’s motions on January 8th and 9th 
while retaining the final trial setting for February 2 and February 3, 
2004.  We overrule Rene’s third, fourth, and fifth issues.
V. Alleged 
Error in Property Division
        In 
her sixth and seventh issues, Rene complains that the trial court erred by 
awarding “$142,000.00 in actual damages as sanctions” and by dividing 
property after declaring Rene and Jeffery’s marriage void.
        A. Alleged Sanctions Error
        In 
certain situations, a trial court is permitted to strike the pleadings of a 
party as sanctions for an abuse of the discovery process.  See Tex. R. Civ. P. 215.2(b)(5).  
“[S]evere sanctions are sometimes necessary to prevent an abusive party from 
thwarting the administration of justice by concealing the merits of a case.” Braden 
v. Downey, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).
        Rene 
argues that the “$142,547.00 awarded cannot be awarded as a sanction as Tex. 
Rules civ. Pro. 215(b) does not provide for such a sanction.”  The trial 
court’s “Order on Division of Jointly Owned Property, Attorney’s Fees, and 
Sanctions” states the following:
   
The Court finds that Respondent, RENE R. HOVIOUS, brought claims and issued 
orders which adversely affected Petitioner, JEFFERY CHARLES HOVIOUS, when 
Respondent knew that the prior, existing marriage between Steven Arthur Henke 
and RENE R. HOVIOUS was not legally dissolved.  The Court further finds 
that, as a result thereof, Respondent’s Counter-Petition for Divorce was 
groundless, had no basis in law or in fact, and was not warranted by good faith 
argument for the extension, modification, or reversal of existing law.
 
The 
Court therefore finds that Respondent, RENE R. HOVIOUS, intentionally and 
knowingly violated Rule 13 of the T.R.C.P., for which an appropriate sanction 
should apply.
 
IT 
IS THEREFORE ORDERED that, as sanctions pursuant to §215.2-b, T.R.C.P., 
the Counter-Petition for Divorce filed by or on behalf of RENE R. HOVIOUS is 
hereby STRICKEN. [Emphasis added.]
 
The 
order is clear that the trial court sanctioned Rene by striking her 
counter-petition for divorce, not by awarding $142,000.00 to Jeffery.  Rene 
asserts no argument that the trial court abused its discretion by striking her 
petition.  See TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 
913, 917 (Tex. 1991) (orig. proceeding) (reasoning that imposition of sanctions 
is just if (1) a direct relationship exists between the offensive conduct and 
the sanction imposed and (2) the sanction is not excessive).  Accordingly, 
we overrule Rene’s sixth issue.
        B. Trial Court’s Division of Property
        In 
her seventh issue, Rene argues that the property division should be set aside 
because “[t]he Family Code simply does not provide for the division of 
property in a suit to Declare a Marriage Void.”
        A 
marriage is void if entered into when either party has an existing marriage to 
another person that has not been dissolved by legal action or terminated by the 
death of the other spouse.  Tex. Fam. 
Code Ann. § 6.202(a); see also 39 Tex. Jur. 3d Family Law § 60 
(1994) (“A void marriage is one that is absolutely null, having no force or 
effect for any purpose, at any place or time, and whose invalidity may be 
asserted by anyone, at any time, directly or collaterally”).  
Relationships derived from void marriages are generally considered putative or 
meretricious.  See Dean v. Goldwire, 480 S.W.2d 494, 496 (Tex. Civ. 
App.—Waco 1972, writ ref’d n.r.e.) (holding fact questions existed as to 
whether union between appellant and appellee was putative or meretricious in 
nature); Cameron v. Cameron, 103 S.W.2d 464, 465 (Tex. Civ. 
App.—Galveston 1937, writ ref’d) (discussing putative relationship).  
The family code’s mandate that the trial court shall order a just a right 
division of property in a decree of divorce or annulment also applies to 
putative marriages.  See Tex. 
Fam. Code Ann. § 7.001; Davis v. Davis, 521 S.W.2d 603, 606 (Tex. 
1975); Dean, 480 S.W.2d at 496.  With respect to meretricious 
relationships, “each party is entitled to the property acquired during the 
relationship in proportion to the value that his or her labor contributed to its 
acquisition.”  39 Aloysius A. 
Leopold, Texas Practice: Marital 
Property and Homesteads § 21.5 (1993).
        In 
the instant case, the trial court, in its findings of fact and conclusions of 
law, determined that “[t]he marriage of October 16, 1993 between Petitioner 
and Respondent is Void pursuant to the provisions of section 6.202(a).”  
While it is true that the family code does not expressly provide any guidance as 
to the disposition of property remaining after a marriage has been declared 
void, case law recognizes that, in one way or another, some disposition is 
required.  Dean, 480 S.W.2d at 496.  Thus, without reaching the 
issue of whether the relationship between Rene and Jeffery was putative or 
meretricious in nature, the trial court did not err by making some disposition 
of the parties’ property after declaring the marriage void.  Moreover, 
Rene does not contest the manner in which the trial court divided the 
property, only the fact that it divided the property.  Therefore, we 
do not address the specifics of the trial court’s property division, as that 
issue is not before us.  Accordingly, the trial court did not err when it 
divided Rene’s and Jeffery’s jointly acquired property.  We overrule 
Rene’s seventh issue.
VI. Burden of 
Proof & Evidence Under Section 1.102
        In 
her eighth issue, Rene argues that “there was no evidence the marriage between 
Steven Henke and Rene Hovious was valid because there was no evidence offered 
that both parties could legally marry in 1980.” Jeffery maintains that he 
“met his burden in proving that the marriage between [Rene] and Steven Arthur 
Henke was valid and existing during the time that [he] and [Rene] were 
purportedly married.”
        In 
determining a “no evidence” point, we are to consider only the evidence and 
inferences that tend to support the finding of the disputed fact and disregard 
all evidence and inferences to the contrary.  Bradford v. Vento, 48 
S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 
S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150 Tex. 662, 244 
S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is 
legally sufficient to support the finding. Cont’l Coffee, 937 S.W.2d at 
450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). More than a 
scintilla of evidence exists if the evidence furnishes some reasonable basis for 
differing conclusions by reasonable minds about the existence of a vital fact. Rocor 
Int’l, Inc. v. Nat’l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 
2002).
        A 
“no evidence” point may only be sustained when: (1) the record discloses a 
complete absence of evidence of a vital fact; (2) the court is barred by rules 
of law or of evidence from giving weight to the only evidence offered to prove a 
vital fact; (3) the evidence offered to prove a vital fact is no more than a 
mere scintilla; or (4) the evidence establishes conclusively the opposite of a 
vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 
334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999).
        Section 
1.102 of the family code provides:
  
When two or more marriages of a person to different spouses are alleged, the 
most recent marriage is presumed to be valid as against each marriage that 
precedes the most recent marriage until one who asserts the validity of a prior 
marriage proves the validity of the prior marriage.
 
Tex. Fam. Code Ann. § 1.102.  
While this presumption is “one of the strongest known to the law,” the 
presumption can be overcome if the party with the burden of proof establishes 
(1) the prior marriage and (2) its continuing validity at the time of the 
subsequent marriage.  See Estate of Claveria v. Claveria, 615 S.W.2d 
164, 165 (Tex. 1981); Loera v. Loera, 815 S.W.2d 910, 911 (Tex. 
App.—Corpus Christi 1991, no writ).  The party attacking the validity of 
the marriage must introduce sufficient evidence, standing alone, to negate the 
dissolution of the prior marriage.  See Wood v. Paulus, 524 S.W.2d 
749, 758 (Tex. Civ. App.—Corpus Christi 1975, writ ref’d n.r.e.).
        Here, 
Jeffery bore the burden of establishing the existence of Rene’s prior marriage 
to Henke and its continuing validity during his subsequent marriage to 
Rene.  See Tex. Fam. Code 
Ann. § 1.102; Loera, 815 S.W.2d at 911.  At the January 8, 
2004 hearing, Jeffery introduced and the trial court admitted a certified 
Wisconsin marriage certificate.  The certificate indicates that Steven 
Arthur Henke and Rene Reichert were married in Racine County, Wisconsin on 
January 19, 1980.  A circuit judge performed the marriage ceremony, and the 
registrar signed the license.
        Kevin 
Templeton, the private investigator hired by Jeffery to research and investigate 
the circumstances surrounding Rene’s prior marriage to Henke, testified that 
he determined all of the jurisdictions in which Henke could have resided from 
1980 to the present and that he searched for a divorce decree on file between 
Henke and Rene.  Templeton searched records in Wisconsin, Texas, 
California, and Michigan, Henke’s residences between 1980 and January 2003 
(the time of his death), and found no divorce decree.
        Francisco 
Hernandez, an interpreter licensed in Texas and an attorney licensed to practice 
law in Mexico, testified that Jeffery hired him to interpret the Mexican divorce 
decree and to determine whether it would be enforceable under Mexican law.  
Hernandez testified that the Mexican divorce decree lacked “essential 
characteristics” and would have been held invalid under Mexican law.  
Hernandez further described the divorce decree as a “fabrication.”
        Jeffery 
introduced and the trial court admitted a letter from the law firm of Thompson 
& Knight in which Galdino Canseco, an attorney with the Monterrey, Mexico 
office of Thompson & Knight, stated, among other things, that “the judge 
of the Court at the date of issuance of the Decree was Ma. Graciela Huerta 
Trevino and not Jose Roberto de Jesus Trevino Sosa as it appears in the 
decree” and that “the Secretaries of the court at the date of issuance of 
the Decree were Maria Ernestina Urena Moreno, Magdalena Ramirez Gonzalez and 
Eduardo Ochoa Torres, and not Mario Cisneros Solis as it appears in the 
Decree.”[6]
        Rene’s 
argument that Jeffery had the burden of proving that she and Henke could in fact 
legally marry misrepresents and misconstrues the burden placed upon Jeffery in 
such a case.  We hold that Jeffery met his burden by establishing the 
existence of Rene’s prior marriage to Henke and its continuing validity during 
his subsequent marriage to Rene.[7]  See Tex. Fam. Code Ann. § 1.102; Loera, 
815 S.W.2d at 911; Wood, 524 S.W.2d at 758.  We overrule Rene’s 
eighth issue.
VII. Conclusion
        Having 
overruled all of Rene’s issues, we affirm the trial court’s judgment.
  
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL 
B:   DAUPHINOT, HOLMAN, and WALKER, JJ.
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Kulesz’s motion stated that good cause existed for withdrawal because he “is 
unable [to] effectively communicate with RENEE R. HOVIOUS in a manner consistent 
with good attorney-client relations.”  In compliance with Rule 10, 
Kulesz’s motion also stated that a copy of the motion was delivered to Rene, 
and explained that Rene did not have to agree to the motion and could contest 
his withdrawal, that Rene had not consented to the motion, and provided Rene’s 
address.  See Tex. R. Civ. P. 
10.  Additionally, at the hearing, Kulesz stated that withdrawal was proper 
under Disciplinary Rules 1.15(b)(2), (3), and (5).
3.  
Comment eight to Disciplinary Rule 1.15 states that “[w]ithdrawal permitted by 
paragraph (b)(2) through (7) is optional with the lawyer even though the 
withdrawal may have a material adverse effect upon the interests of the 
client.”  Tex. Disciplinary R. 
Prof’l Conduct 1.15 cmt. 8.
4.  
Although the grounds for the requested continuance in the December 15th 
motion are that more time is needed to analyze the Mexican Decree of divorce, it 
is evident in the letter sent by Rene, which is Exhibit “B” in Jeffery’s 
response to Rene’s motion for new trial, that she requested the January 5, 
2004 continuance because she anticipated not having an attorney following the 
January 6th hearing on Kulesz’s motion for withdrawal.
5.  
Kulesz filed his motion to withdraw on December 23, 2003 and Rene’s letter to 
the court is dated December 30, 2003 and signed January 5, 2004.  The 
language in the letter suggests that Rene anticipated that the trial court would 
grant Kulesz’s motion to withdraw.
6.  
Canseco’s letter further states that the Judicial Bulletin number provided in 
the Mexican divorce decree does not match the alleged date of the divorce.
7.  
In response to Rene’s “no evidence” assertion, it necessarily follows from 
this holding that Jeffery presented some evidence in support of this factual 
finding.  See Bradford, 48 S.W.3d at 754.