Katherine May DEAN, aka Katherine May Goldwire, Appellant,

v.

Henry Crawford GOLDWIRE, Appellee.

No. 5129.

Court of Civil Appeals of Texas, Waco.

May 11, 1972.

Rehearing Denied June 1, 1972.

J. Preston Brashear, III, Garland, for appellant.

L. Vance Stanton, Dallas, for appellee.

HALL, Justice.

The appellee, Henry Crawford Goldwire, brought this action to have his marriage to appellant, Katherine May Dean Goldwire, declared void. He alleged a prior undissolved marriage by appellant as the basis for this suit. Appellant answered generally, and also pleaded estoppel and laches. Alternatively, she asserted property rights based upon a diversity of legal theories, including that of putative marriage, and asked that one-half of the property acquired by the parties during their marriage be set aside to her.

The appellant appeals from two summary judgments in the case, both of which are brought forward in a single transcript. In the first judgment, rendered on September 23, 1971, the trial court held that appellant's pleas of estoppel and laches were without merit and that the marriage in question "is absolutely void," and then expressly ordered that the question of whether the marriage between the parties was putative be severed and set for trial at a later date. In the second summary judgment, rendered on October 22, 1971, the court held that appellant is not entitled to "the aid of equity" because she "has not come into this court with clean hands" and rendered judgment that she take nothing.

In an unpublished opinion dated February 24, 1972, we granted appellee's motion to dismiss the appeal from the first summary judgment for want of jurisdiction. We are, therefore, concerned here only with the propriety of the second judgment.

Appellee's summary judgment proof shows without contradiction that on October 9, 1962, the appellant married Lucien B. Dean, of Travis County, Texas, in a formal ceremony; that she and Dean permanently separated on January 28, 1963; that, in February, 1963, appellant initiated proceedings toward securing a divorce from Dean in a Court of the State of Ta-

maulipas, of the Republic of Mexico; that appellant was never granted a divorce by the Mexican Court; that appellant and appellee entered into a ceremonial marriage on April 2, 1963, in Dallas County, Texas; and that Mr. Dean procured a divorce from appellant on October 16, 1970, in the District Court of Travis County, Texas.

In his motion for the second summary judgment the appellee pleaded that appellant's attempt to secure a Mexican divorce from Dean, and her assertion in court that the attempt was successful, were in violation of "public policy"; and, therefore, appellant "has not come with clean hands and must be denied aid as a putative spouse." This is the apparent basis for the court's ruling in the second judgment that appellant "shall not be given the aid of equity because (she) has not come into this court with clean hands."

In her controverting affidavit, the appellant stated that in the months of January and February, 1963, she and the appellee had several discussions in which appellee requested that she obtain a Mexican divorce from Dean; that on those occasions the appellee told her that a Mexican divorce would be valid and would legally free her to marry him; that she acted upon appellee's request and relied upon his advice when she, with Dean, contacted an attorney in Travis County for the purpose of securing a divorce in the Mexican Courts; that sometime in February, 1963, she was furnished with an instrument written in Spanish, which she was informed was her Mexican divorce decree; that appellee reads Spanish, and she does not, so she showed the instrument to him, whereupon he examined the instrument and told her that it was her Mexican divorce decree and that it was in proper form and was valid and legally freed her to remarry[1] him; that she relied upon appellee's representations and entered into a ceremonial marriage with him on April 2, 1963; that

---

1. In her answer, appellant pleaded that she and appellee were married to each other prior to her marriage to Dean; however, this fact is not otherwise shown in the record.

if she had thought that a Mexican divorce decree would not be valid then she would not have sought one, but would instead have obtained a divorce from Dean in a Texas Court of competent jurisdiction; that if she had known that she was not divorced from Dean, then she would not have entered into the ceremonial marriage with appellee; that since their marriage on April 2, 1963, the appellant and appellee have acquired valuable properties; that from the date of their marriage until after they separated in May, 1969, appellee said nothing at any time to appellant concerning any alleged invalidity of her divorce from Dean; and that she had no knowledge prior to June 6, 1969, that she had not obtained a valid divorce from Dean.

Both parties admit, by pleadings or affidavit, the existence of property allegedly owned by them. If appellant's contentions are correct, the value of the property is substantial.

■■ A summary judgment is improper unless the record establishes the movant's right thereto as a matter of law and shows that there is no genuine issue of fact as to one or more of the essential elements of the movant's cause of action or defense. Gibbs v. General Motors Corp. (Tex.Sup., 1970) 450 S.W.2d 827, 828; Farley v. Prudential Insurance Company (Tex.Sup., 1972) 480 S.W2.d 176. For purposes of reviewing the propriety of a summary judgment, any conflicts in the evidence are disregarded, and the proof which tends to support the position of the party against whom the judgment was rendered is accepted as true. Parrott v. Garcia (Tex. Sup., 1969) 436 S.W.2d 897, 899.

The statements contained in appellant's affidavit, if true, show (1) that both she and appellee believed in good faith that appellant had secured a valid divorce from Dean in the Mexican Courts, and the parties were free to marry each other when they did so in April, 1963; or (2) that, at least, appellee represented to appellant that she had secured a valid Mexican divorce

from Dean; and that appellant in good faith believed that she was divorced from Dean when she married appellee.

In its second judgment the trial court in effect held that, as a matter of law, a good faith belief by appellant that she had secured a valid Mexican divorce, when in fact she had not, would not render her marriage in 1963 to appellee putative; and that because she sought a divorce in the Mexican Courts she thereby deprived herself of the right to litigate in the courts of this state any claims she may have against appellee stemming from their relationship. Essentially, those were the contentions of the appellee in the trial court. We do not agree with those rulings and contentions.

■ A putative marriage is one that is invalid by reason of an existing impediment on the part of one or both spouses; but which was entered into in good faith by the parties, or one of them, good faith being essential. Speer's, Marital Rights In Texas (4th ed.), Vol. 1, p. 57, Sec. 51. We hold that the required good faith may be based upon a bona fide belief in a Mexican divorce.

■ The laws relating to lawful marriages apply to property acquired by the parties to a putative marriage; and upon the dissolution of a putative marriage, or until discovery of the impediment, a putative spouse is entitled to share equally in the community property. Lee v. Lee, 112 Tex. 392, 247 S.W. 828, 830 (1923). If the relationship is meretricious, then each party "would own the property acquired in proportion to the value his (or her) labor contributed to the acquisition of it." Hayworth v. Williams, 102 Tex. 308, 116 S.W. 43, 46 (1909); Speer's, supra, Vol. 1, p. 68, Sec. 58.

■ We hold that if either appellee or appellant believed in good faith that she had obtained a valid Mexican divorce from Dean and that she was therefore legally free to marry appellee at the time of their marriage, then the marriage was putative

and remained such until they *both* learned that she was not divorced from Dean. Thus, fact questions exist in the record as to whether or not the union between the parties was putative or meretricious; and as to what division should be made of the property acquired by them.

Moreover, appellant states that she was acting upon appellee's request and advice when she sought a divorce from Dean in the Mexican Court. If this is true, then there is no theory at law or in equity that will permit appellee to successfuly contend that, because she acted upon that advice and request, appellant should now be denied access to the courts to seek redress of legal rights against him resulting from that action.

The second summary judgment should not have been granted. It is reversed, and this cause is remanded for trial.

Reversed and remanded.