Matiana Molina LOERA, Appellant,

v.

Luis LOERA, Appellee.

No. 13-90-359-CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 12, 1991.

John E. Cook, Texas Rural Legal Aid, Inc., Edinburg, Rowena Jones, New Orleans, La., for appellant.

LaMonte Scott Freerks, Edinburg, for appellee.

Before NYE, C.J., and HINOJOSA, and DORSEY, JJ.

OPINION

HINOJOSA, Justice.

This is an appeal from a decree ordering the annulment of the marriage between appellant, Matiana Molina Loera and appellee, Luis Loera. By three points of error, appellant complains that the trial court erred in failing to make findings of fact and conclusions of law, in granting the decree of annulment, and in failing to grant her motion for new trial. We reverse and remand.

Appellee initially filed a petition for divorce against appellant. Later he amended his petition to request, in the alternative, annulment of the marriage because appellant had a prior undissolved marriage. Appellant filed a general denial on appellee's petition for annulment and a counter-petition for divorce.

At a trial before the court, the undisputed evidence showed that the parties were married on February 17, 1977. At the time of the marriage, appellee was approximately 72 years old and appellant was 54 years old. Before this marriage, appellant was involved in two previous relationships: one with George Slayton,[1] deceased, and anoth-

---

1. Mr. Slayton died before the marriage between the parties and is not involved in this case. Two children were born during this relationship.

er with Ernesto Hinojosa, whose whereabouts, if any, were unknown. Appellant married Hinojosa in 1938 at the age of fifteen in Doctor Arroyo, Nuevo Leon, Mexico. They lived together for only one day. She testified that she had not seen or heard from Hinojosa since the day after he married her. From this brief period of cohabitation appellant produced a set of twins, one child dying shortly after birth. The evidence was conflicting concerning whether appellant informed appellee of the marriage to Hinojosa.

The parties lived together as husband and wife for a period of twelve years. In 1989, they separated after a conflict arose in the relationship.

At trial, Appellee introduced a certified copy of the 1938 civil registry in Doctor Arroyo showing the original public record of the marriage between appellant and Hinojosa. Appellee also offered evidence, including a letter from the custodian of the civil registry of Doctor Arroyo, showing no record of a divorce between appellant and Hinojosa in the public records of Doctor Arroyo.

Appellant introduced a certified copy of the 1938 civil registry showing the public record of the marriage but with a notation on the margin indicating that a decree of divorce had been granted to Ernesto Hinojosa in 1969. Appellant also offered witnesses who testified that the notation on the margin of the public record of marriage appeared at the time that they examined the original certificate of marriage. No explanation was given by either party regarding the discrepancy between the two copies of the marriage certificate.

Other than the notation on the marriage record that a divorce had been granted to Hinojosa and appellant, there was no evidence that Hinojosa was alive at any time since their marriage in 1938.

The trial judge granted appellee's petition for annulment. This appeal followed.

By her second point of error, appellant asserts that there was insufficient evidence to support the court's judgment of annulment. She argues that there was no evidence supporting the continued validity of her marriage to Hinojosa. The only possible basis for granting the annulment is that appellant and Hinojosa were still legally married in 1977.

■■■ An "insufficient evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In ruling on an "insufficient evidence" point, the scope of review is all the evidence which supports or contradicts the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). The standard requires us to sustain this point only if the evidence supporting the finding is too weak, or so against the weight of the evidence that it is clearly wrong and unjust. *Id. See* Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 908–09 (1990); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 366 (1960).

Section 2.01 of the Texas Family Code provides that "[w]hen two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes it until one who asserts the validity of a prior marriage proves its validity." Tex.Fam.Code Ann. § 2.01 (Vernon 1975). This presumption is "one of the strongest known to the law." *Wood v. Paulus*, 524 S.W.2d 749, 758 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.).

■■■ This presumption places the burden of proof on appellee to establish 1) the prior marriage and 2) its continuing validity at the time of the subsequent marriage. *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 165 (Tex.1981); *Medrano v. State*, 701 S.W.2d 337, 341 (Tex.App.—El Paso 1985, pet. ref'd). Because the presumption is, in itself, considered evidence, the party attacking the validity of the marriage has a burden to "introduce sufficient evidence, standing alone, to negate the dissolution of the prior marriage." *Wood*, 524 S.W.2d at 758.

The legal effect of this presumption is significantly enhanced by another. The law provides that a person absent for seven consecutive years shall be presumed dead unless it is proved that he was alive during that period. *See Claveria,* 615 S.W.2d at 167–68; TEX.CIV.PRAC. & REM.CODE ANN. § 133.001 (Vernon Supp.1991) (formerly TEX.REV.CIV.STAT.ANN. art. 5541 (Vernon 1973)). Death terminates marriage. *See Claveria,* 615 S.W.2d at 167 (marriage may only be terminated by death or court decree).

 Appellant argues that the evidence offered by appellee at trial was insufficient to rebut these presumptions. She asserts that, given the extreme lapse of time between the dates of the two marriages, the evidence offered by appellee to prove the continuing validity of the prior marriage was insufficient to overcome the strong presumption of the validity of the most recent marriage. She further argues that under the circumstances of this case appellee had to present some evidence that Hinojosa was alive at the time of the parties marriage. We agree.

The evidence viewed in the light most favorable to the judgment showed a prior marriage to Hinojosa. However, there was no evidence of the continuing validity of this marriage. Specifically, there was no evidence that Hinojosa was alive within seven years before the parties' marriage. The only evidence admitted that tended to establish that Hinojosa was alive indicated that appellant and he were divorced[2] in 1969, eight years before the parties' marriage.

To prevail, appellee was required to adduce evidence establishing the continued validity of the prior marriage at the time of the parties' marriage. *Claveria,* 615 S.W.2d at 165. Death terminates marriage as a matter of law, and death is presumed after seven years of absence; therefore, appellee's failure to present any evidence establishing that Hinojosa was still alive within seven years before the parties' mar-

riage, or thereafter, requires us to sustain appellant's point of error.

It is not necessary for us to address appellant's other points. This cause is REVERSED and REMANDED to the trial court for further proceedings consistent with this opinion.

---

2. Of course, if this evidence is to be believed at all, it also establishes that Hinojosa and appellant were divorced.