TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00137-CV






Joseph L. Salone, Appellant



v.



Diana Lee Olague, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 96-11579, HONORABLE PETER M. LOWRY, JUDGE PRESIDING 







 Joseph Salone appeals from a decree and qualified domestic-relations orders
rendered in a divorce action brought by Diana Olague. We will affirm the decree and orders.


THE CONTROVERSY

 Diana and Joseph began living together in 1976. Diana filed for divorce on
September 25, 1996. In response to her petition, Joseph raised the defense that his common-law
marriage to Diana could not begin in 1976 because he was married to another woman, Dorothy
Salone, from January 7, 1975, until a decree of divorce was rendered on April 10, 1995. 
Therefore, he contended, the period of his marriage to Diana began "on or about April 10, 1995,
and any division of community property should be based on property acquired or accrued after that
date." See Tex. Fam. Code Ann. § 6.202 (West 1998).

 At the conclusion of the divorce hearing involving Joseph and Diana, the trial court
ordered the marriage dissolved on the ground of insupportability and cruelty and divided the
parties' community property and joint obligations in a manner favoring Diana. The trial court
declared in its decree that a common-law marriage between Joseph and Diana had existed since
January 1, 1976. 

 The trial court entered findings of fact and conclusions of law. In his appeal,
Joseph raises five points of error. The crux of his argument is that the trial court's finding that
there was no previous, valid, undissolved marriage of Joseph Salone was against the great weight
and preponderance of the evidence. 


DISCUSSION AND HOLDINGS

 Section 1.102 of the Texas Family Code provides that "[w]hen two or more
marriages of a person to different spouses are alleged, the most recent marriage is presumed to
be valid as against each marriage that precedes the most recent marriage until one who asserts the
validity of a prior marriage proves the validity of the prior marriage." Tex. Fam. Code Ann.
§ 1.102 (West 1998). See Estate of Claveria v. Claveria, 615 S.W.2d 164, 165-66 (Tex. 1981);
Davis v. Davis, 521 S.W.2d 603, 605 (Tex. 1975). This presumption is "one of the strongest
known to the law." Wood v. Paulus, 524 S.W.2d 749, 758 (Tex. Civ. App.--Corpus Christi
1975, writ ref'd n.r.e.). 

 As the party asserting the validity of a previous marriage, Joseph had the burden
of proof to establish (1) the previous marriage and (2) its continuing validity at the time of the
subsequent marriage. See Loera v. Loera, 815 S.W.2d 910, 911 (Tex. App.--Corpus Christi
1991, no writ); Davis, 521 S.W.2d at 605. To discharge his burden, Joseph had to introduce
sufficient evidence which, standing alone, negated the dissolution of the previous marriage. See
Medrano v. State, 701 S.W.2d 337, 341 (Tex. App.--El Paso 1985, writ ref'd); Wood, 524
S.W.2d at 758; Schacht v. Schacht, 435 S.W.2d 197, 201 (Tex. Civ. App.--Dallas 1968, no
writ). In this case, negating the dissolution of the previous marriage meant introducing evidence
to establish that a previous marriage had existed from January 1975 until April 1995.

 Joseph contends that his cross-examination of Diana provided the court with a
reasonable basis for inferring that he had married another woman before he began living with
Diana. Joseph, a pro se litigant, contends that he "testified" concerning his possession at trial of
the marriage license from his alleged previous marriage. 

 Although Joseph represented himself, he was obliged to comply with all applicable
procedural rules. See Lin v. Houston Community College Sys., 948 S.W.2d 328, 336 (Tex.
App.--Amarillo 1997, writ denied); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex.
1978). Joseph did not offer in evidence a marriage license or a divorce decree from the previous
marriage he alleged. While these two documents were attached to an affidavit that accompanied
Joseph's pleadings and motion for new trial, the documents were not admitted at trial and cannot
be considered proof in this case. See State Bar of Tex. v. Grossenbacher, 781 S.W.2d 736, 738
(Tex. App.--San Antonio 1989, no writ); American Fire & Indem. Co. v. Jones, 828 S.W.2d 767,
769 (Tex. App.--Texarkana 1992, writ denied). Moreover, Joseph's purported "testimony"
concerning the marriage license was part of closing argument and is not evidence. Tex. R. Evid.
603; see Eckerdt v. Frostex Foods, Inc., 802 S.W.2d 70, 71 (Tex. App.--Austin 1990, no writ). The only evidence offered to rebut the presumption of the validity of the more
recent marriage consisted of Diana's answers to Joseph's questions during cross-examination. 
Her responses were vague and subject to many interpretations. Standing alone, her responses fail
to establish either the existence of a previous marriage or its continuing validity at the time of the
subsequent marriage. See Medrano, 701 S.W.2d at 341; Wood, 524 S.W.2d at 758; Schacht, 435
S.W.2d at 201. 

 Because Joseph failed to meet his burden of establishing the previous marriage and
its continuing validity at the time of the subsequent marriage, we overrule his first point of error. 
Joseph's four remaining points of error depend upon a resolution of the first point of error in his
favor. Accordingly, we overrule the remaining points of error and affirm the decree and orders
of the trial court.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices Powers and Kidd

Affirmed

Filed: December 17, 1998

Do Not Publish



gular">DISCUSSION AND HOLDINGS

 Section 1.102 of the Texas Family Code provides that "[w]hen two or more
marriages of a person to different spouses are alleged, the most recent marriage is presumed to
be valid as against each marriage that precedes the most recent marriage until one who asserts the
validity of a prior marriage proves the validity of the prior marriage." Tex. Fam. Code Ann.
§ 1.102 (West 1998). See Estate of Claveria v. Claveria, 615 S.W.2d 164, 165-66 (Tex. 1981);
Davis v. Davis, 521 S.W.2d 603, 605 (Tex. 1975). This presumption is "one of the strongest
known to the law." Wood v. Paulus, 524 S.W.2d 749, 758 (Tex. Civ. App.--Corpus Christi
1975, writ ref'd n.r.e.). 

 As the party asserting the validity of a previous marriage, Joseph had the burden
of proof to establish (1) the previous marriage and (2) its continuing validity at the time of the
subsequent marriage. See Loera v. Loera, 815 S.W.2d 910, 911 (Tex. App.--Corpus Christi
1991, no writ); Davis, 521 S.W.2d at 605. To discharge his burden, Joseph had to introduce
sufficient evidence which, standing alone, negated the dissolution of the previous marriage. See
Medrano v. State, 701 S.W.2d 337, 341 (Tex. App.--El Paso 1985, writ ref'd); Wood, 524
S.W.2d at 758; Schacht v. Schacht, 435 S.W.2d 197, 201 (Tex. Civ. App.--Dallas 1968, no
writ). In this case, negating the dissolution of the previous marriage meant introducing evidence
to establish that a previous marriage had existed from