Rene R. Hovious v. Jeffrey Charles Hovious

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-169-CV

RENE R. HOVIOUS APPELLANT

V.

JEFFERY CHARLES HOVIOUS APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The trial court declared void the marriage between Appellant Rene R. Hovious and Appellee Jeffery Charles Hovious and divided the parties’ jointly owned property.  In eight issues, Rene complains that the trial court erred by allowing her counsel to withdraw, by denying her motion for continuance of a hearing set three days after her counsel withdrew, by failing to provide her notice of a final trial setting, by awarding sanctions, and by declaring her marriage to Jeffery void.  We will affirm.  

II.  Procedural Background

Rene and Jeffery were married on October 16, 1993.  Jeffery filed for divorce on August 13, 2002.  During the divorce proceedings, questions arose about whether Rene’s prior marriage to Steven Arthur Henke had been legally dissolved, thus also raising questions concerning the validity of Rene’s and Jeffery’s marriage. 

Rene produced a copy of a Mexican decree of divorce dated January 15, 1982, purportedly dissolving her marriage to Henke.  Jeffery hired an investigator, and subsequently, Fancisco Hernandez, an attorney licensed in Mexico, and the law firm of Thompson & Knight to investigate the validity of this divorce decree.  Rene’s counsel at the time, David T. Kulesz, also conducted an investigation into the authenticity of the Mexican divorce decree. The investigator, Hernandez, and Kulesz all determined that the Mexican divorce decree was a forgery or a fabrication.

Jeffery then filed a motion seeking to declare his marriage to Rene void, to terminate his spousal support to Rene, and seeking attorneys’ fees and sanctions.  The following day, December 23, 2003, Kulesz filed a motion to withdraw from representation of Rene.  The trial court conducted a January 6, 2004 hearing on Kulesz’s motion to withdraw.  At the hearing, the trial court admonished Rene that she “owned” the attorney-client privilege and that if she waived it, evidence presented by Kulesz in support of his motion might be prejudicial to her.  Rene nonetheless waived her attorney-client privilege, and Kulesz, citing Rule 1.15(b)(2), (3), and (5) of the Texas Disciplinary Rules of Professional Conduct, testified that he desired to withdraw because he had determined that the Mexican divorce decree provided to him by Rene was fraudulent and that he did not believe he could continue to represent her.  The trial court granted Kulesz’s motion to withdraw.

Two days later, on January 8
th
 and 9
th
, the trial court heard Jeffery’s motion to declare his marriage void, to terminate spousal support, for attorneys’ fees and sanctions.  The private investigator hired by Jeffery, Hernandez, Rene, and Jeffery’s counsel, James T. Curtis, testified.  At the end of the day on January 8
th
, the trial court recessed and ordered all parties to return the following day.  Rene failed, however, to appear in court on January 9
th
; the hearing proceeded nevertheless.

At the conclusion of the hearing, citing section 6.202(a) and 6.202(b) of the Texas Family Code, the trial court found that the marriage between Rene and Jeffery was void because of Rene’s preexisting, undissolved marriage to Henke.  The trial court further found that the Mexican divorce decree provided by Rene to her counsel was fraudulent and that Rene acted with the specific intent to perpetrate a fraud upon the trial court and Jeffery.  The trial court also terminated Jeffery’s spousal support obligations and awarded Jeffery attorneys’ fees and expenses.

On February 2, 2004, the trial court considered the remaining issues of dividing the jointly acquired separate property, damages, and sanctions.  Rene attempted to assert a cause of action for economic contribution, but the trial court ruled that such recovery was not permitted because her marriage with Jeffery was previously determined to be void.  After hearing evidence, the trial court determined that Rene intentionally and knowingly violated Rule 13 of the Texas Rules of Civil Procedure by filing a counter-petition for divorce that was groundless, had no basis in law or in fact, and was not warranted by good faith argument for the extension, modification, or reversal of existing law; as a sanction, the trial court struck Rene’s counter-petition for divorce.  The trial court divided the jointly owned separate estate and awarded Jeffery $142,547.00, awarded $26,436.00 to the “partnership,” and awarded Jeffery $41,937.00 in attorneys’ fees and expenses.  

Rene filed a motion for new trial and requested findings of fact and conclusions of law.  The trial court denied Rene’s motion for new trial and made findings of fact and conclusions of law.  

III.  Motion for Witdrawal and Motion for Continuance

In her first issue, Rene argues that the trial court erred by allowing her counsel, Kulesz, to withdraw three days before the hearing set on January 8, 2004.  In her second issue, Rene contends that the trial court further erred by denying her motion for continuance and permitting the January 8
th
 hearing to proceed after Kulesz’s withdrawal on January 6
th
. 

A.  Motion for Withdrawal

We review a trial court’s ruling on a motion to withdraw for an abuse of discretion.  
See Gillie v. Boulas
, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2002, pet. denied) (holding trial court abuses its discretion when it grants motion to withdraw that does not comply with requirements of Rule 10).  Rule 10 of the Texas Rules of Civil Procedure provides that an attorney may withdraw from representing a party only upon written motion for good cause shown.
(footnote: 2)  
See 
Tex. R. Civ. P.
 10.  Rule 10 does not define “good cause,” but courts view the Texas Disciplinary Rules of Professional Conduct as guidelines articulating considerations relevant to a “good cause” determination supporting a Rule 10 motion to withdraw.  
See In re Posadas USA, Inc.
, 100 S.W.3d 254, 257 (Tex. App.—San Antonio 2001, no pet.).  Disciplinary Rules 1.15(b)(2) and (3) provide that a lawyer shall not withdraw from representing a client unless the client persists in a course of action involving the lawyer’s services that the lawyer reasonably believes may be criminal or fraudulent or the client has used the lawyer’s services to perpetrate a crime or fraud.
(footnote: 3)  
See 
Tex. Disciplinary R. Prof’l Conduct 
1.15(b)(2), (3), 
reprinted in 
Tex. Gov’t Code Ann.
, tit. 2, subtit. G app. A (Vernon 1998) (
Tex. State Bar R. 
art. X, § 9).  Comment 21 to Rule 1.05 provides that “[i]f the lawyer’s services will be used by the client in materially furthering a course of criminal or fraudulent conduct, the lawyer must withdraw . . . .”  
Tex. Disciplinary R. Prof’l Conduct 
1.05 cmt. 21.  

The record from the hearing demonstrates that Rene repeatedly “assured” Kulesz she had obtained a divorce from Steven Arthur Henke and that a divorce decree existed.  Renee later provided Kulesz with the Mexican divorce decree, but Kulesz’s independent investigation into the authenticity of the decree revealed that the decree was not valid.  Kulesz further testified that Rene had also made “other representations” and that he didn’t think he could, in good faith, continue to represent her.  When the trial court questioned Kulesz, the following exchange took place:

[The Court]: Mr. Kulesz, what efforts did you make - - again, you checked where she said the divorce was granted in Mexico?

[Kulesz]: Yes.  The - -

[The Court]: She gave you a purported decree; is that right?

[Kulesz]: Yes.  I have that purported decree.

[The Court]: All right.  And did you check with the legal authorities from where that decree came from?

[Kulesz]: We - - yes.

[The Court]: Okay.  And did they have any record of Ms. Hovious being divorced?

[Kulesz]: No.

I also made some independent checks through the internet to determine whether the judge whose signature was on that decree was a judge in 1981 as well, and through my own independent sources on the internet, determined that that judge was not a judge.  But in addition to that, we hired counsel in Monterrey, Mexico who also searched the courthouse records and determined, basically, the same thing.

[The Court]: Is it your opinion that that decree is a fabrication?

[Kulesz]: Yes.

Accordingly, the record from the hearing established good cause for Kulesz’s withdraw pursuant to Disciplinary Rules 1.15(b)(2) and (3).  
See 
Tex. Disciplinary R. Prof’l Conduct 
1.15(b)(2), (3)
.  Rene provided no legitimate controverting evidence at the hearing.  Accordingly, the trial court did not abuse its discretion by granting Kulesz’s motion to withdraw.  
See generally, In re Daniels
, 138 S.W.3d 31, 32-35 (Tex. App.—San Antonio 2004, no pet.).  We overrule Rene’s first issue.

B.  Motion For Continuance

In her second issue, Rene argues that the trial court abused its discretion by failing to continue the January 8, 2004 hearing. 

We review a trial court’s ruling granting or denying a motion for continuance for an abuse of discretion.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 800 (Tex. 2002); 
Gen. Motors Corp. v. Gayle,
 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding).  We do not substitute our discretion for that of the trial court.  
In re Nitla S.A. de C.V.
, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding).  Instead, we must determine whether the trial court’s action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Marchand
, 83 S.W.3d at 800.  The focus is on whether the trial court acted without reference to guiding rules or principles.  
Goode v. Shoukfeh,
 943 S.W.2d 441, 446 (Tex. 1997).  When the ground for the continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to her own fault or negligence.  
See Villegas v. Carter
, 711 S.W.2d 624, 626 (Tex. 1986); 
see also State v. Crank,
 666 S.W.2d 91, 94 (Tex.) (holding state board of dental examiners did not abuse its discretion by denying continuance when party did not discharge his attorney until morning of hearing), 
cert. denied
, 469 U.S. 833 (1984); 
Zetune v. Jafif-Zetune
, 774 S.W.2d 387, 391 (Tex. App.—Dallas 1989, writ denied) (holding husband not entitled to continuance when he represented to the court that his attorneys were withdrawing on day of trial at his request), 
cert. denied
, 498 U.S. 813 (1990).

The record contains a motion for continuance filed December 15, 2003 on behalf of Rene as well as a letter written by Rene to the judge of the 233rd Judicial Court
 which states, “Please allow myself to be represented by a lawyer with a continuance to follow.”
(footnote: 4) 
 The clerk’s record contains no order denying Rene’s December 15
th
 motion for continuance.  At the beginning of the January 8
th
 hearing, however, the trial court verbally denied Rene’s motion for continuance.

Rene cites 
Villegas 
as support for her argument that the January 8
th
 hearing should have been continued because her attorney withdrew just two days earlier.  
Villegas
, 711 S.W.2d at 626.  In 
Villegas
, the court held that the trial court abused its discretion by refusing to grant a continuance following withdrawal by Villegas’s attorney when “the evidence show[ed] that Villegas was not negligent or at fault in causing his attorney’s withdrawal.”  
Id
.  
Here, unlike in 
Villegas
, the evidence adduced at the hearing on Kulesz’s motion to withdraw supports the trial court’s conclusion that Rene was at fault in causing her attorney’s withdrawal.  
See id.
; 
Crank,
 666 S.W.2d at 94; 
see also 
Tex. R. Civ. P.
 253.  
Additionally, Rene had notice of her attorney’s desire to withdraw—she was not surprised.
(footnote: 5)  We hold that the trial court did not abuse its discretion by determining that Rene was at fault in causing her attorney’s withdrawal, or by denying her motion for continuance.  
See Marchand
, 83 S.W.3d at 800.
  We overrule Rene’s second issue. 

IV.  Notice of Trial Setting

In her third, fourth, and fifth issues, Rene argues that the trial court erred by declaring her marriage to Jeffery void, by refusing to allow her to present evidence of economic contribution, and by awarding $142,547.00 “in actual damages” to Jeffery because a final trial was not set for January 8 and January 9, 2004. 
 Rene argues that because “[t]he Petition to Declare the Marriage Void . . . was a cause of action that if pleaded and proven could result in a Final judgment,” a final trial setting must have been given for January 8, 2004.  Thus, Rene contends that she did not have notice of a 
final trial 
setting for that day.

It is presumed that a trial court will hear a case only when notice has been given to the parties.  
See Platt v. Platt
, 991 S.W.2d 481, 484 (Tex. App.—Tyler 1999, no pet.).  An appellant must affirmatively show a lack of notice to overcome this presumption.  
See Blanco v. Bolanos
, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); 
see also Custom-Crete, Inc. v. K-Bar Servs, Inc.
, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (“[T]he party challenging a trial court judgment for lack of notice has the burden of proving there was no notice, and must produce evidence in addition to an allegation in a motion for new trial”).  Rule 245 requires that parties receive “notice of not less than forty-five days” for a first trial setting. 
 
Tex. R. Civ. P.
 245.  However, “when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties . . . .”  
Id
. 

Here, the clerk’s record indicates that a final trial was set for September 25, 2003.  Subsequently, the final trial was reset to February 2, 2004.  The February 2, 2004 reset date is mentioned in Kulesz’s December 23, 2003 motion to withdraw; a copy of that motion was delivered to Rene.  Additionally, the trial court’s order granting Kulesz’s motion to withdraw was signed on January 6, 2004, and states that “[a] Final Trial is scheduled for February 2, 2004, and February 3, 2004, at 9:00 a.m.”  Rene received a copy of this order.  Consequently, Rene has not affirmatively shown that she did not receive reasonable notice of the trial setting.  
See 
Tex. R. Civ. P.
 245; 
Blanco
, 20 S.W.3d at 811.

In terms of the January 8, 2004 hearing, the trial court, as it did, had the power to declare the marriage void.  
See 
Tex. Fam. Code Ann.
 § 6.307(a) (Vernon 1998) (“Either party to a marriage made void by this chapter may sue to have the marriage declared void . . . .”); 
see also 
Tex. Fam. Code Ann.
 § 6.308(a) (“A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority”).  Furthermore, Rene had notice of the hearing.  
See 
Tex. R. Civ. P.
 245; 
Blanco
, 20 S.W.3d at 811.  In his motion to withdraw, Kulesz stated that “[a] hearing on the Motion to Terminate Spousal Support, Motion for Attorneys’ Fees and Motion for Sanctions is scheduled for January 8, 2003, before Judge Harris, at 8:30 a.m.”  In Rene’s letter to the 233rd Judicial Court (which is dated December 30, 2003 and signed January 5, 2004), she wrote that a “[h]earing [is] set before District Judge Harris, 10:00 Am.” on “1-8-2004.”  Moreover, Rene appeared at the January 8
th
 hearing and confirmed that she was proceeding without an attorney.  At the conclusion of the hearing on January 9, 2004, the trial court reserved for consideration at the February 2, 2004 hearing the remaining issues of sanctions and the division of property.  Thus, the trial court did not commit error when it considered Jeffery’s motions on January 8
th
 and 9
th
 while retaining the final trial setting for February 2 and February 3, 2004.  We overrule Rene’s third, fourth, and fifth issues.

V.  Alleged Error in Property Division

In her sixth and seventh issues, Rene complains that the trial court erred by awarding “$142,000.00 in actual damages as sanctions” and by dividing property after declaring Rene and Jeffery’s marriage void. 

A.  Alleged Sanctions Error

In certain situations, a trial court is permitted to strike the pleadings of a party as sanctions for an abuse of the discovery process.  
See 
Tex. R. Civ. P.
 215.2(b)(5).  “[S]evere sanctions are sometimes necessary to prevent an abusive party from thwarting the administration of justice by concealing the merits of a case.”  
Braden v. Downey
, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).  

Rene argues that the “$142,547.00 awarded cannot be awarded as a sanction as Tex. Rules civ. Pro. 215(b) does not provide for such a sanction.”  The trial court’s “Order on Division of Jointly Owned Property, Attorney’s Fees, and Sanctions” states the following:

The Court finds that Respondent, RENE R. HOVIOUS, brought claims and issued orders which adversely affected Petitioner, JEFFERY CHARLES HOVIOUS, when Respondent knew that the prior, existing marriage between Steven Arthur Henke and RENE R. HOVIOUS was not legally dissolved.  The Court further finds that, as a result thereof, Respondent’s Counter-Petition for Divorce was groundless, had no basis in law or in fact, and was not warranted by good faith argument for the extension, modification, or reversal of existing law.

The Court therefore finds that Respondent, RENE R. HOVIOUS, intentionally and knowingly violated Rule 13 of the T.R.C.P., 
for which an appropriate sanction should apply
.

IT IS THEREFORE ORDERED that, 
as sanctions pursuant to §215.2-b, T.R.C.P.
, the Counter-Petition for Divorce filed by or on behalf of RENE R. HOVIOUS is hereby STRICKEN.  [Emphasis added.]

The order is clear that the trial court sanctioned Rene by striking her counter-petition for divorce, not by awarding $142,000.00 to Jeffery.  Rene asserts no argument that the trial court abused its discretion by striking her petition.
  See TransAmerican Natural Gas Corp. v. Powell
, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding) (reasoning that imposition of sanctions is just if (1) a direct relationship exists between the offensive conduct and the sanction imposed and (2) the sanction is not excessive).  Accordingly, we overrule Rene’s sixth issue. 
B.  Trial Court’s Division of Property

In her seventh issue, Rene argues that the property division should be set aside because “[t]he Family Code simply does not provide for the division of property in a suit to Declare a Marriage Void.”

A marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse.  
Tex. Fam. Code Ann.
 § 6.202(a); 
see also
 
39 
Tex. Jur.
 3d 
Family Law 
§ 60 (1994) (“A void marriage is one that is absolutely null, having no force or effect for any purpose, at any place or time, and whose invalidity may be asserted by anyone, at any time, directly or collaterally”).  Relationships derived from void marriages are generally considered putative or meretricious.  
See Dean v. Goldwire
, 480 S.W.2d 494, 496 (Tex. Civ. App.—Waco 1972, writ ref’d n.r.e.) (holding fact questions existed as to whether union between appellant and appellee was putative or meretricious in nature); 
Cameron
 
v. Cameron
, 103 S.W.2d 464, 465 (Tex. Civ. App.—Galveston 1937, writ ref’d) (discussing putative relationship).  The family code’s mandate that the trial court shall order a just a right division of property in a decree of divorce or annulment also applies to putative marriages.  
See 
Tex. Fam. Code Ann.
 § 7.001; 
Davis v. Davis
, 521 S.W.2d 603, 606 (Tex. 1975); 
Dean
, 480 S.W.2d at 496.  With respect to meretricious relationships, “each party is entitled to the property acquired during the relationship in proportion to the value that his or her labor contributed to its acquisition.”  39 
Aloysius A. Leopold
, 
Texas Practice: Marital Property and Homesteads
 § 21.5 (1993). In the instant case, the trial court, in its findings of fact and conclusions of law, determined that “[t]he marriage of October 16, 1993 between Petitioner and Respondent is Void pursuant to the provisions of section 6.202(a).”  While it is true that the family code does not expressly provide any guidance as to the disposition of property remaining after a marriage has been declared void, case law recognizes that, in one way or another, some disposition is required.  
Dean
, 480 S.W.2d at 496.  Thus, without reaching the issue of whether the relationship between Rene and Jeffery was putative or meretricious in nature, the trial court did not err by making 
some 
disposition of the parties’ property after declaring the marriage void.  Moreover, Rene does not contest the 
manner 
in which the trial court divided the property, only the 
fact 
that it divided the property.  Therefore, we do not address the specifics of the trial court’s property division, as that issue is not before us.  Accordingly, the trial court did not err when it divided Rene’s and Jeffery’s jointly acquired property.  We overrule Rene’s seventh issue.

VI.  Burden of Proof & Evidence Under Section 1.102

In her eighth issue, Rene argues that “there was no evidence the marriage between Steven Henke and Rene Hovious was valid because there was no evidence offered that both parties could legally marry in 1980.”
 
 Jeffery maintains that he “met his burden in proving that the marriage between [Rene] and Steven Arthur Henke was valid and existing during the time that [he] and [Rene] were purportedly married.”

In determining a “no evidence” point, we are to consider only the evidence and inferences that tend to support the finding of the disputed fact and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee
, 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

A “no evidence” point may only be sustained when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999).

Section 1.102 of the family code provides:

When two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid as against each marriage that precedes the most recent marriage until one who asserts the validity of a prior marriage proves the validity of the prior marriage.  

Tex. Fam. Code Ann.
 § 1.102.
  
While this presumption is “one of the strongest known to the law,” the presumption can be overcome if the party with the burden of proof establishes (1) the prior marriage and (2) its continuing validity at the time of the subsequent marriage.  
See Estate of Claveria v. Claveria
, 615 S.W.2d 164, 165 (Tex. 1981); 
Loera v. Loera
, 815 S.W.2d 910, 911 (Tex. App.—Corpus Christi 1991, no writ).  The party attacking the validity of the marriage must introduce sufficient evidence, standing alone, to negate the dissolution of the prior marriage.  
See Wood v. Paulus
, 524 S.W.2d 749, 758 (Tex. Civ. App.—Corpus Christi 1975, writ ref’d n.r.e.).

Here, Jeffery bore the burden of establishing the existence of Rene’s prior marriage to Henke and its continuing validity during his subsequent marriage to Rene.  
See 
Tex. Fam. Code Ann.
 § 1.102; 
Loera
, 815 S.W.2d at 911.  At the January 8, 2004 hearing, Jeffery introduced and the trial court admitted a certified Wisconsin marriage certificate.  The certificate indicates that Steven Arthur Henke and Rene Reichert were married in Racine County, Wisconsin on January 19, 1980.  A circuit judge performed the marriage ceremony, and the registrar signed the license.  

Kevin Templeton, the private investigator hired by Jeffery to research and investigate the circumstances surrounding Rene’s prior marriage to Henke, testified that he determined all of the jurisdictions in which Henke could have resided from 1980 to the present and that he searched for a divorce decree on file between Henke and Rene.  Templeton searched records in  Wisconsin, Texas, California, and Michigan, Henke’s residences between 1980 and January 2003 (the time of his death), and found no divorce decree. 

Francisco Hernandez, an interpreter licensed in Texas and an attorney licensed to practice law in Mexico, testified that Jeffery hired him to interpret the Mexican divorce decree and to determine whether it would be enforceable under Mexican law.  Hernandez testified that the Mexican divorce decree lacked “essential characteristics” and would have been held invalid under Mexican law. Hernandez further described the divorce decree as a “fabrication.” 

Jeffery introduced and the trial court admitted a letter from the law firm of Thompson & Knight in which Galdino Canseco, an attorney with the Monterrey, Mexico office of Thompson & Knight, stated, among other things, that “the judge of the Court at the date of issuance of the Decree was Ma. Graciela Huerta Trevino and not Jose Roberto de Jesus Trevino Sosa as it appears in the decree” and that “the Secretaries of the court at the date of issuance of the Decree were Maria Ernestina Urena Moreno, Magdalena Ramirez Gonzalez and Eduardo Ochoa Torres, and not Mario Cisneros Solis as it appears in the Decree.”
(footnote: 6)
 Rene’s argument that Jeffery had the burden of proving that she and Henke could in fact legally marry misrepresents and misconstrues the burden placed upon Jeffery in such a case.  
We hold that Jeffery 
met his burden by establishing the existence of Rene’s prior marriage to Henke and its continuing validity during his subsequent marriage to Rene.
(footnote: 7)  
See 
Tex. Fam. Code Ann.
 § 1.102; 
Loera
, 815 S.W.2d at 911; 
Wood
, 524 S.W.2d at 758.  We overrule Rene’s eighth issue.   

VII.  Conclusion

Having overruled all of Rene’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED: March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Kulesz’s motion stated that good cause existed for withdrawal because he “is unable [to] effectively communicate with RENEE R. HOVIOUS in a manner consistent with good attorney-client relations.”  In compliance with Rule 10, Kulesz’s motion also stated that a copy of the motion was delivered to Rene, and explained that Rene did not have to agree to the motion and could contest his withdrawal, that Rene had not consented to the motion, and provided Rene’s address.  
See 
Tex. R. Civ. P.
 10.  Additionally, at the hearing, Kulesz stated that withdrawal was proper under Disciplinary Rules 1.15(b)(2), (3), and (5).

3:
Comment eight to Disciplinary Rule 1.15 states that “[w]ithdrawal permitted by paragraph (b)(2) through (7) is optional with the lawyer even though the withdrawal may have a material adverse effect upon the interests of the client.”  
Tex. Disciplinary R. Prof’l Conduct 
1.15 cmt. 8.

4:
Although the grounds for the requested continuance in the December 15
th
 motion are that more time is needed to analyze the Mexican Decree of divorce, it is evident in the letter sent by Rene, which is Exhibit “B” in Jeffery’s response to Rene’s motion for new trial, that she requested the January 5, 2004 continuance because she anticipated not having an attorney following the January 6
th
 hearing on Kulesz’s motion for withdrawal.

5:
Kulesz filed his motion to withdraw on December 23, 2003 and Rene’s letter to the court is dated December 30, 2003 and signed January 5, 2004. The language in the letter suggests that Rene anticipated that the trial court would grant Kulesz’s motion to withdraw. 

6:
Canseco’s letter further states that the Judicial Bulletin number provided in the Mexican divorce decree does not match the alleged date of the divorce. 

7:
In response to Rene’s “no evidence” assertion, it necessarily follows from this holding that 
Jeffery presented some evidence in support of this factual finding.  
See Bradford, 
48 S.W.3d at 754.