# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00424-CV

**Curtis Wayne Ratliff, Appellant**

**v.**

**Linda Ann King, Appellee**

FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 225,610-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Curtis Wayne Ratliff, an inmate acting pro se, appeals from the trial court's final decree declaring his marriage to appellee Linda Ann King null and void and awarding King certain property as her separate property.[1] In five issues, he complains that the trial court: (1) denied him due process under the United States and Texas Constitutions by overruling his motion for a bench warrant; (2) lacked jurisdiction over the suit; (3) erred in denying his request for a jury trial; (4) abused its discretion in ordering a property division; and (5) held an unconstitutional hearing by conducting its proceedings by telephone conference call. We will affirm the trial court's judgment.

---

[1] A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). We are obligated, however, to construe the rules of appellate procedure liberally so that the right to appeal is not lost. *See In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied). Likewise, we are obligated to liberally construe the points raised in Ratliff's brief. *See Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995).

## BACKGROUND

King filed a pro se petition for divorce on September 24, 2007. In his answer, Ratliff alleged that the marriage was void because he was still legally married to his previous spouse. He also sought leave of court to file motions (1) for a temporary restraining order to preserve his separate property in King's possession, (2) for a bench warrant to attend all hearings in the suit, (3) to pursue discovery, and (4) demanding a jury trial under the Seventh and Fourteenth Amendments to the U.S. Constitution. The trial court held a final hearing on King's petition in which Ratliff participated via telephone. During the hearing, the trial court denied Ratliff's requests for a bench warrant and a jury trial, finding that Ratliff's jury demand was not timely. At that point, Ratliff purported to orally "appeal" the trial court's denial of his request for jury trial.[2] The hearing continued, however, and the trial court heard evidence from both parties regarding the marriage and the division of property.

---

[2] The reporter's record contains the following exchange:

Mr. Ratliff: I'm asking for a hearing to be offset for a jury trial.

The Court: Well, a jury trial request and a notice and fee had to be paid 30 days prior to the setting, so you did not timely file your request for a jury trial.

Mr. Ratliff: According to the 7th and 14th Amendments I'm entitled to a jury trial upon request.

The Court: All right. Well, you've made your request, now your request for a jury trial is denied.

Mr. Ratliff: Then I'm appealing this situation—this hearing right here right now.

King testified that she and Ratliff met in 1997 and were married on February 21, 2003, after Ratliff was already incarcerated; they never lived together as husband and wife. She stated that they had no community property, that her separate property consisted mainly of her personal effects, and that she and Ratliff had purchased a 1984 Econoline conversion van together in September 2001, before the marriage, in her name. Ratliff likewise testified that he and King were married in 2003, but that, on or about August 13, 2007, he received notice that he was still legally married to Teresa Ratliff, his previous spouse, contrary to his belief that their divorce had been finalized years earlier. With respect to his property, he testified that King had sold some of his mechanic's tools and a vehicle that belonged to him, a 1986 BMW, without his authorization. In response, King stated that Ratliff had authorized her to sell these items so that she could pay her rent and bills after he was incarcerated, at a time when both parties believed that they were lawfully married. Ratliff further testified that King continued to be in possession of the remainder of his personal property, including his clothing, jewelry, furniture, and artwork that he had produced.[3]

The trial court entered a final decree declaring the marriage void and ordering that the parties take "as his or her sole and separate property all the property that is presently in his or her possession." In so doing, the trial court made the following findings of fact:

---

[3] According to Ratliff, the total value of his personal property in King's possession was $377,100, including $204,000 worth of his personal drawings; $20,000 worth of legal papers in his "various legal cases"; $50,000 worth of his personal family photographs; $20,000 worth of "educational certificates and certification certificates"; jewelry valued at $7,000; and his wardrobe, including his Western hats and boots, worth $6,100. King disputed each of these valuations at the hearing.

3

A jury trial was denied as not being timely, and all questions of fact and law were submitted to the Court. The Court finds, based on the sworn testimony of Respondent Curtis Wayne Ratliff, that Curtis Wayne Ratliff has an existing marriage to another person that has not been dissolved or terminated. The Court finds that the purported marriage of Petitioner and Respondent was and is void and of no effect.

The Court finds that no child was born to or adopted by Petitioner and Respondent during their purported marriage and that no community property, other than personal effects, was accumulated by Petitioner and Respondent during their purported marriage.

In its decree, the trial court awarded to King as her separate property the 1994 Econoline van and all personal property currently in her possession or subject to her control and not set aside to Ratliff. To Ratliff, the trial court awarded as his separate property: a folder containing between 100-150 of his drawings; his wallet; family photos; any and all legal papers belonging to him, including his General Equivalency Diploma; any and all of his remaining clothes; any and all of his remaining jewelry; and any and all of his personal effects still in King's possession. The trial court further ordered King to delivery Ratliff's property to his father on or before fifteen days from the signing of the decree.

Ratliff's motion for new trial was overruled by operation of law, and this appeal followed. By five issues, Ratliff complains that the trial court (1) erred in denying his motion for a bench warrant, (2) lacked jurisdiction over the case, (3) erred in denying his request for a jury trial, (4) abused its discretion in dividing the parties' property, and (5) violated his constitutional rights in holding a hearing by "unconstitutional" conference call.

4

## STANDARDS OF REVIEW

Whether a trial court has jurisdiction, the issue raised in Ratliff's second point of error, is a question of law subject to de novo review. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006). Ratliff's remaining complaints are reviewed under an abuse-of-discretion standard. *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (denial of jury demand); *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) (division of marital estate); *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.) (denial of bench warrant); *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, pet. denied) (decision to allow inmate to access court via telephone). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision." *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.).

## DISCUSSION

### *Bench Warrant*

In his first issue, Ratliff argues that the trial court abused its discretion in denying his motion for a bench warrant allowing him to be present at the hearing on King's petition for divorce. He specifically complains that the denial of his motion amounted to a violation of his Sixth Amendment right to confront his accuser. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him . . . .").

5

Although the Sixth Amendment applies only to criminal prosecutions and is therefore inapplicable to this divorce action, it is well established that litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z. L. T.*, 124 S.W.3d 163, 165 (Tex. 2003). "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Z.L.T.*, 124 S.W.3d at 165 (citing *Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.); *Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex. App.—San Antonio 1991, no writ); *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ)). Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* A trial court abuses its discretion in denying a motion for a bench warrant only if the inmate has been effectively barred from presenting his case. *Aguilar*, 39 S.W.3d at 248; *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied). Thus, the right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party. *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The record shows that Ratliff was not denied the opportunity to present his case. On the contrary, he was permitted to present his testimony before the court, to cross-examine King on the disputed issues concerning the parties' separate property, and to object during her testimony. The evidence presented during the hearing consisted solely of testimony; there were no exhibits or other documentary evidence that Ratliff was prevented from reviewing as a result of his physical absence

6

from the courtroom.[4]  Moreover, Ratliff did not meet his burden of showing that the alleged error in denying the motion for a bench warrant probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Lopez v. Kushner*, No. 03-06-00779-CV, 2008 Tex. App. LEXIS 1136, at *16 (Tex. App—Austin Feb. 13, 2008, pet. denied) (mem. op.).  In fact, he prevailed on his defense that the marriage to King was void, and the property division ordered by the court's final decree substantially conformed with the division he requested during the hearing and by his pleadings.  We overrule Ratliff's first issue.

*Jurisdiction*

By his second issue, Ratliff contends that the trial court lost jurisdiction over the case when he gave oral notice during the hearing that he wished to appeal the trial court's denial of his request for a jury trial.  The Texas Rules of Appellate Procedure provide that an appeal is perfected when a written notice of appeal is filed with the trial court.  *See* Tex. R. App. P. 25.1(a).  Further, appeals may generally only be taken from a final judgment, *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007), and we have found no statute that authorizes interlocutory review of the denial of a request for jury trial.  Therefore, not only did Ratliff fail to invoke the jurisdiction of this Court, but he could not have done so at that stage of the proceedings.  We overrule his second issue.

---

[4] King testified during the hearing that she had pictures with her of the vehicles in question and threatening letters that Ratliff had purportedly written her from prison, none of which were admitted into evidence or reviewed by the trial court.  She also indicated that she had brought with her certain items that Ratliff had requested the court to award him as his separate property (including his original drawings, educational certificates, and Bible study materials); these items were identified in the final decree as property that King was ordered to deliver to Ratliff's father.

7

*Request for Jury Trial*

Ratliff contends in his third issue that the trial court abused its discretion by denying his request for a jury trial. Texas Rule of Civil Procedure 216 provides that a request for a jury trial must be in writing and filed a reasonable time before the date set for trial of the cause, "but not less than thirty days in advance." Tex. R. Civ. P. 216(a).

By letter notice dated December 17, 2007, the final hearing was set for February 5, 2008. Ratliff's jury demand was filed January 29, 2008, one week before the hearing. Because the trial court correctly found that Ratliff's request was untimely, it did not abuse its discretion in denying the motion. We overrule Ratliff's third issue.

*Property Division*

In his fourth issue, Ratliff argues that the property division should be set aside because there can be no division of the marital estate when the marriage is declared void. He further argues that the trial court abused its discretion in ordering that King take Ratliff's separate property as her own.

A marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse. Tex. Fam. Code Ann. § 6.202(a) (West 2006). Relationships derived from void marriages are generally considered putative or meretricious. *See Dean v. Goldwire*, 480 S.W.2d 494, 496 (Tex. Civ. App.—Waco 1972, writ ref'd n.r.e.); *Cameron v. Cameron*, 103 S.W.2d 464, 465 (Tex. Civ. App.—Galveston 1937, writ ref'd). The family code's mandate that the trial court shall order a just and right division of property in a decree of divorce or annulment also applies to putative

8

marriages. *See* Tex. Fam. Code Ann. § 7.001 (West 2006); *Davis v. Davis*, 521 S.W.2d 603, 606 (Tex. 1975); *Dean*, 480 S.W.2d at 496. While it is true that the family code does not expressly provide any guidance as to the disposition of property remaining after a marriage has been declared void, case law recognizes that, in one way or another, some disposition is required. *See Dean*, 480 S.W.2d at 496. Thus, without reaching the issue of whether the relationship between Ratliff and King was putative or meretricious in nature—an issue not in dispute on appeal—we hold that the trial court did not err by making some disposition of the parties' property after declaring the marriage void.

We also reject Ratliff's contention that the property division itself was improper because the trial court awarded King what was shown to be Ratliff's property. On the contrary, the decree set forth that each party shall take his or her own separate property, specifically identifying as Ratliff's separate property the clothing, jewelry, educational certificates, artwork, and personal effects that he testified were his separate property during the hearing. With respect to the Econoline van, which both parties claimed as their separate property and which Ratliff admitted was purchased and titled in King's name, we defer to the trial court's determination of the credibility of the witnesses, the weight to be given their testimony, and the resolution of evidentiary conflicts. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819-22 (Tex. 2005).

As to the property that King claims she disposed of, including Ratliff's 1986 BMW and some of his tools, Ratliff's complaint is essentially that the trial court should have awarded a monetary judgment in his favor as compensation for those alleged losses. The award of a money judgment is one manner and method of dividing property in a divorce proceeding. *Murff v. Murff*,

615 S.W.2d 696, 699 (Tex. 1981). Yet a trial court has broad discretion and authority in its division of property in divorce suits and may divide the property as it deems just and right. Tex. Fam. Code Ann. § 7.001; *Jacobs*, 687 S.W.2d at 733. A court's division will not be disturbed on appeal unless a clear abuse of discretion is shown. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974).

We conclude that Ratliff has not shown that the trial court clearly abused its discretion in refusing to award him a monetary judgment against King as reimbursement for his property. In light of the conflicting evidence regarding whether King was authorized to dispose of the property in question, it was within the province of the trial court acting as fact-finder to credit King's version of events. *See City of Keller*, 168 S.W.3d at 820. We overrule Ratliff's fourth issue.

### *Conducting Final Hearing by Teleconference*

By his fifth issue, which is largely duplicative of his first issue, Ratliff argues that requiring him to appear at the final hearing via teleconference was unconstitutional. A trial court's decision regarding how to allow an inmate access to the courts is reviewed for abuse of discretion. *Aguilar*, 39 S.W.3d at 248. If a trial court denies an inmate's request to personally appear at trial, it should allow the inmate to appear by affidavit, deposition, telephone, or other effective means. *See id.* Having held that Ratliff was not effectively denied the opportunity to appear at the hearing by allowing him to participate by telephone, we overrule his fifth issue.

**CONCLUSION**

Having overruled Ratliff's issues on appeal, we affirm the trial court's final decree declaring the marriage between Ratliff and King void and awarding each party his or her separate property.

 

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: August 31, 2009